M’Gihk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by the plaintiffs as the heirs of one Waters, deceased. It appears that their ancestor, at the time of his death, only had an equitable estate, at best, in the premises ;. but after his death the heirs proceeded in Chancery to make the estate legal, hy a decree.
The defendant in the Court below had judgment; to reverse which the cause is brought here. Many points have been made By the plaintiffs in error. According to our view of this matter, it will not be necessary to decide these matters. The rule is, that though there may he error in the judgment, yet if, upon the whole record, judgment appears to he given for the right party, the Court will not reverse the judgment. In this case the parties, in reference to their descent from their ancestors, are, hy the statute of this State, ma)de tenants in common. It is true that they procured a decree, perfecting the equitable title into a legal one; hut this does not make-them any thing, but tenants in common.. They were tenants in common at equity, and they are nothing more at law. That tenants in common cannot join in ejectment, see Chitty on Pleadings, 53. According to this view of the case, the plaintiffs in this action cannot, under any state of facts, recover.
The judgment i& affirmed with costs.